UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

SENTRY SELECT INSURANCE COMPANY,

    Plaintiff,

v.

GUESS FARM EQUIPMENT, INC. D/B/A
GUESS IRRIGATION COMPANY, and
JUSTICE FAMILY FARMS, LLC,

    Defendants.

_____/

Case No. _____

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, Sentry Select Insurance Company ("Sentry"), by and through its undersigned counsel, hereby files its Complaint for Declaratory Relief against Defendants Guess Farm Equipment, Inc. d/b/a Guess Irrigation Company ("Guess") and Justice Family Farms, LLC ("Justice"), and states as follows:

### Parties, Jurisdiction, Venue, and Applicable Law

1.    This is an action for declaratory judgment, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201, to declare the rights surrounding questions of actual controversy that presently exist between Plaintiff and Defendants.

2.    Jurisdiction is proper pursuant to 28 U.S.C. §§ 1332 and 1367 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of all fees and costs.

3. At all times material to this action, Sentry was an insurance company with its principal place of business in Stevens Point, Wisconsin. Sentry was authorized to transact business within the State of South Carolina and submits itself to the jurisdiction and venue of this Court for purposes of this case only.

4. At all times material to this action, Guess was a limited liability company with its principal place of business in St. Matthews, South Carolina, and was doing business in South Carolina.

5. At all times material to this action, Justice was a limited liability company with its principal place of business in Buckley, West Virginia, and was doing business in South Carolina.

6. A substantial part of the events or omissions giving rise to the claims described herein occurred in this District and the property that gave rise to this action is situated in this District so that venue in this District is proper based on 28 U.S.C. § 1391(a)(2).

7. The issues in controversy in this action are governed by the laws of South Carolina because the insurance contract between Sentry and Guess was formed in South Carolina and the insurance contract between Sentry and Guess involves Guess's interests in South Carolina.

### Background

8. On or about November 3, 2011, Guess served Justice with a Complaint that Guess filed in the Court of Common Pleas, in Dillon County, South Carolina, styled as: *Guess Farm Equipment Company, Inc. d/b/a Guess Irrigation Company v. Justice*

*Family Farms, LLC, Catfish Bay, LLC and Carter Bank and Trust*, Case No. 2011-CP-17-0413.

9. Subsequently, on or about August 10, 2012, Justice filed its amended answer and counterclaim against Guess. In its counterclaim, Justice raises the following three claims: (1) breach of contract; (2) negligence; and (3) breach of express and implied warranties. *See* Justice Counterclaim, attached as Exhibit A.

10. In its counterclaim, Justice alleges that on or around February 10, 2011, Justice and Guess entered into an agreement for Guess to design and construct an irrigation system at the Catfish Bay Farm. *See* Counterclaim at ¶ 59.

11. Justice further alleges that Justice and Guess agreed to a completion date for the project of April 15, 2011, because it was critical that the 2011 corn crop have sufficient rain fall during the summer dry season. *Id.* at ¶ 61.

12. Despite the alleged agreed-upon date of April 15, 2011, Justice alleges that Guess "failed to timely install, construct and have operable the required irrigation system." *Id.* at ¶ 63.

13. Justice further alleges that Justice has discovered several deficiencies in the project, including: (1) failing to design and construct irrigation canals large enough to handled the required amount of water; (2) improper sprinkler design; (3) improper filling in of drainage ditches; (4) failing to properly reroute drainage ditches; and (5) failing to remove stumps. *Id.* at ¶ 64.

14. Justice alleges that "[a]s a direct and proximate result and consequence of the failure of [Guess] to timely complete the project and the construction deficiencies at

the project, [Justice] has incurred damages, including a significant loss in crop yield for its 2011 corn crop." *Id.* at ¶ 65.

15.    Justice also alleges that "[a]s a direct and proximate result and consequence of the negligence of the [Guess], [Justice] has incurred actual, incidental, special and consequential damages." *Id.* at ¶ 71.

16.    Sentry is providing Guess with a defense under reservation of rights against Justice's counterclaim.

### The Sentry policy

17.    Sentry issued a commercial general liability ("CGL") policy to Guess, which was effect between April 1, 2010, and April 1, 2011, bearing policy number 25-09902-01 ("the Sentry policy"). The Sentry policy has CGL limits of $500,000 million each occurrence/$1.5 million general aggregate/$1.5 million products-completed operations. A copy of the Sentry policy is attached hereto as Exhibit B.

18.    The commercial general liability coverage part of the Sentry policy provides as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**SECTION I    COVERAGES**

**COVERAGE A    BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.    Insuring Agreement**

   a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking

4

        damages for "bodily injury" or "property damage" to which this insurance does not apply.

        . . .

    b.    This insurance applies to "bodily injury" and "property damage" only if:

        (1)    The "bodily injury" or property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

        (2)    The "bodily injury" or "property damage" occurs during the policy period.

19.    The commercial general liability coverage part of the Sentry policy contains the following exclusion:

**2.    Exclusions**

This insurance does not apply to:

. . .

    j.    DAMAGE TO PROPERTY

    "Property damage" to:

    (6)    That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

. . .

    Paragraph (6) of this exclusion does not apply to "property damage" including in the "products-completed operations" hazard.

20.    The commercial general liability part of Sentry policy provides the following definitions:

**SECTION V – DEFINITIONS**

. . .

13.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

. . .

16.    Products-completed operations hazard":

    a.    Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

        (1)    Products that are still in your physical possession; or

        (2)    Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

            (a)    When all of the work called for in your contract has been completed.

            . . .

            Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

17.    "Property damage" means:

    a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

>As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

. . .

>22. "Your work":
>
>   a.  Means:
>
>       (1) Work or operations performed by you or on your behalf; and
>
>       (2) Materials, parts or equipment furnished in connection with such work or operations.
>
>   b.  Includes:
>
>       (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and
>
>       (2) The providing of or failure to provide warnings or instructions.

21. The commercial general liability part of Sentry policy also contains an "Operations Suits – Additional Insurance" Endorsement, which provides in relevant part:

**OPERATIONS SUITS – ADDITIONAL INSURANCE**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

Limits of Liability

$10,000 per Operations Suit

This policy is amended by the addition of Operations Suits Liability Insurance

7

**1.     COVERAGE**

A.     INSURING AGREEMENT

1. We will pay those sums you become legally obligated to pay as damages because of an "operation suit" to which this insurance applies.

    We will have the right and duty to defend you against any "operation suit" seeking those damages. We may at our discretion investigate and settle any "operations suit".

    Our right and duty to defend end when we have offered the applicable limit as settlement of any "operations suit".

2. This insurance applies only to "operations suits" filed against you:

    (a) In the "coverage territory"; and

    (b) During the policy period.

B.     EXCLUSIONS

Only the exclusions which follow apply to this Additional Insurance

This Additional Insurance does not apply to damages resulting from:

1. Any dishonest, malicious, fraudulent, criminal or intentional act or omission committed by you or at your direction;
. . .

**III.    ADDITIONAL DEFINITIONS**

As used in this endorsement, the following have special meaning as shown:

"Operations suit" means a civil proceeding, arbitration or mediation brought against you by or on behalf of a customer of yours and arising out of your "products" or your "work."

"Products" means the goods or products, other than real property, that you make, sell, handle, distribute, rent or lease to others.

"Work" means installation, service or repair operations performed by you, or by someone else at your request.

### Count I - Declaratory Judgment (No Property Damage)

22. Sentry re-alleges paragraphs 1 through 21 above as if fully set forth herein.

23. The allegations contained in Justice's counterclaim do not involve "property damage" under South Carolina law. First, the alleged damages to the irrigation system itself are not "property damage" because the alleged damages are to Guess's defective work itself. Second, the alleged crop yield loss is not "property damage" because any crop yield loss would be purely economic damages caused by an alleged breach of contract/breach of warranty. Because Justice's counterclaim against Guess does not allege "property damage," Sentry has no duty to defend or indemnify Guess for any of the claims or losses asserted against Guess in Justice's counterclaim.

### Count II - Declaratory Judgment (Exclusion J(6) Precludes Coverage For Irrigation System)

24. Sentry re-alleges paragraphs 1 through 21 above as if fully set forth herein.

25. To the extent that the alleged damages to the irrigation system itself could be considered "property damage," exclusion j(6) contained in the Sentry policy precludes coverage to Guess. Exclusion j(6) precludes coverage for "property damage" to "[t]hat particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it." Moreover, the Sentry policy states that exclusion j(6) does not apply to completed operations, thereby limiting it to ongoing operations. Here, the parties entered into an agreement for Guess to build an

irrigation system on February 10, 2011.  *See* Counterclaim at ¶ 58.  The Sentry policy expired on April 1, 2011.  If "property damage" occurred prior to April 1, 2011, such "property damage" would have occurred during Guess's ongoing operations of installing the irrigation system and any damaged property "must be restored, repaired or replaced because [Guess's work] was incorrectly performed on it."  Assuming the Justice counterclaim alleged "property damage," which it does not, Sentry would still have no duty to indemnify Guess for any damage to the irrigation system itself because of the applicability of exclusion j(6).

### Count III - Declaratory Judgment (Operations Suit – Additional Insurance Endorsement Does Not Provide Insurance Coverage)

26.     Sentry re-alleges paragraphs 1 through 21 above as if fully set forth herein.

27.     The "Operations Suits – Additional Insurance" Endorsement does not provide additional insurance coverage to Guess for Justice's counterclaim.  The endorsement provides insurance coverage only for "operations suits" filed against the insured "during the policy period."  Justice's suit against Guess is an "operations suit" because the suit is a "civil proceeding . . . brought against [Guess] by or on behalf of a customer of [Guess] and arising out of [Guess's] "products" or [Guess's] "work."  However, the endorsement cannot provide insurance coverage to the Justice counterclaim, which was filed on August 10, 2012.  The Sentry policy period was from April 1, 2010, to April 1, 2011.  As a result, the "Operations Suits – Additional Insurance" Endorsement does not provide any additional insurance coverage to Guess for Justice's counterclaim.

10

## Conclusion

28.     There exists a bona fide, actual, present, and practical need for a legal determination by this Court of the duties, rights and obligations, if any, of Sentry with regard to its obligations to defend and indemnify Guess for Justice's counterclaim.

29.     Sentry and the Defendants have an actual, present, adverse, and antagonistic interest in the subject matter described herein.

30.     The rights and obligations of Sentry are dependent upon the facts referenced herein and the law applicable to such facts.

31.     The conditions precedent to the maintenance of this action have been complied with, have occurred or otherwise have been waived.

WHEREFORE, Sentry requests entry of final judgment in its favor against all Defendants, declaring that:

(1) Sentry has no duty to defend or indemnify Guess for any of the claims and losses alleged against Guess in Justice's counterclaim because none of the claims or losses involves "property damage";

(2) To the extent that the alleged damages to the irrigation system itself could be considered "property damage," Sentry has no duty to indemnify Guess for damage to the irrigation system because of the applicability of exclusion j(6) contained in the Sentry policy;

(3) The "Operations Suits – Additional Insurance" Endorsement does not provide additional insurance coverage to Guess for Justice's counterclaim; and

(4) Any other relief this Court deems just and appropriate.

DATED: December _5th__, 2012.

        BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP

        __s/ L. Andrew Watson_____
        L. ANDREW WATSON, ESQ.
        South Carolina Bar No: 100322
        11620 N. Community House Road
        Charlotte, North Carolina 28277
        Telephone:   (704) 543-2321
        Facsimile:    (704) 543-2324
        awatson@butlerpappas.com
        Attorneys for Plaintiff Sentry Select Insurance Co.