# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Sentry Select Insurance Company, ) | Civil Action No. 5:12-03504-JMC |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Guess Farm Equipment, Inc., d/b/a ) | |
| Guess Irrigation Company, and ) | |
| Justice Family Farms, LLC, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Sentry Select Insurance Company ("Sentry") filed the instant action against Defendants Guess Farm Equipment, Inc. d/b/a Guess Irrigation Company ("Guess"), and Justice Family Farms, LLC ("Justice"), invoking jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1367, and seeking a declaration by the court under the authority of the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, that Sentry does not have a duty to defend and/or indemnify Guess in an underlying state court action pursuant to a commercial general liability policy identified as Sentry Policy No. 25-09902-01 (the "CGL policy"). (ECF No. 1.)

This matter is before the court by way of (1) a motion by Guess to bifurcate adjudication of whether Sentry has a duty to defend and/or duty to indemnify Guess and to stay the action pursuant to Fed. R. Civ. P. 42(b); (2) Sentry's motions to (a) dismiss Guess's defenses of waiver and estoppel and counterclaim for bad faith/negligence, (b) bifurcate Guess's breach of the duty of good faith and fair dealing claim from its breach of contract claim, and (c) stay the litigation of Guess's breach of the duty of good faith and fair dealing claim pending resolution of the underlying state court matter; and (3) Sentry's motion to stay the matter until the underlying state court matter is resolved. (ECF Nos. 31, 63, 70.) Each party has filed opposition to their

opponent's motion(s), respectively. (See ECF Nos. 35, 64, 75.) In addition, the court has heard oral argument from the parties on the aforementioned motions. (See ECF No. 79.) For the reasons set forth below, the court denies as moot Guess's motion to bifurcate and to stay the action pursuant to Fed. R. Civ. P. 42(b); grants Sentry's motion to dismiss Guess's defenses of waiver and estoppel and counterclaim for bad faith/negligence; denies without prejudice Sentry's motion to bifurcate Guess's breach of the duty of good faith and fair dealing claim from its breach of contract claim; denies as moot Sentry's motion to stay litigation of the breach of the duty of good faith and fair dealing claim pending resolution of the underlying state court matter; and grants Sentry's motion to stay the matter until the underlying state court matter is resolved.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Sentry is an insurance company. (ECF No. 1 at 2 ¶ 3.) Sentry issued the CGL policy to Guess as the named insured in April 2010. (See ECF No. 1-2.) The CGL policy has coverage limits of $500,000.00 per occurrence, $1,500,000.00 for general aggregate, $1,500,000.00 for products-completed operations aggregate, and $500,000.00 for personal and advertising injuries. (Id. at 8.) The CGL policy included the following relevant provisions:

**SECTION I - COVERAGES**

COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY
1. INSURING AGREEMENT
   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. (Id. at 12.)

2. EXCLUSIONS
   This insurance does not apply to:

2

  j. DAMAGE TO PROPERTY
   (5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or
   (6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it. (<u>Id.</u> at 18.)

**SECTION V – DEFINITIONS**

17. "Property damage" means:
 a. Physical injury to tangible property, including all resulting loss of use of that property. (<u>Id.</u> at 39.)
22. "Your work":
 a. Means:
  (1) Work or operations performed by you or on your behalf; and
  (2) Materials, parts or equipment furnished in connection with such work or operations. (<u>Id.</u> at 40.)

The CGL policy was effective from April 1, 2010 to May 1, 2011.[1]

On December 11, 2012, Sentry filed this action seeking a declaration that it is not required under the CGL policy to provide Guess with a defense or indemnity regarding claims asserted against it in the lawsuit styled <u>Guess Farm Equipment Company, Inc. d/b/a Guess Irrigation Company v. Justice Family Farms, LLC and Catfish Bay, LLC</u>, Case No. 2011-CP-17-00413 (the "South Carolina Lawsuit"), which is currently pending in the Court of Common Pleas for Dillon County (South Carolina).[2] (<u>See</u>, <u>e.g.</u>, ECF No. 1 at 2 ¶ 8.) In response to Sentry's complaint for declaratory relief, Guess filed an initial answer and counterclaim on January 3, 2013, and, subsequently, an amended answer and counterclaim on January 24, 2013. (ECF Nos.

---

[1] In their initial pleadings, both parties asserted that the CGL policy's effective period was from April 1, 2010 through April 1, 2011. (ECF No. 1 at 4 ¶ 17.) However, the parties have now agreed that the effective period was April 1, 2010 through May 1, 2011. (<u>See</u> ECF Nos. 13 & 52.)

[2] The claims in the South Carolina Lawsuit arise out of an agreement between Justice and Guess to construct and design an irrigation system. (ECF No. 1-1 at 7-10.) Justice alleges that the irrigation system was not constructed timely and that there were several construction deficiencies. (<u>Id.</u>; <u>see also</u> ECF No. 1 at 3 ¶¶ 9 – 14.) Sentry now comes before this court seeking a declaration that it does not have a duty to defend Guess against Justice's claims.

6, 13.) In both pleadings, Guess denied the material allegations of the complaint and asserted counterclaims against Sentry based on Sentry's refusal to provide coverage relative to the South Carolina Lawsuit as well as the lawsuit originally styled <u>Justice Family Farms LLC v. Guess Irrigation Company LLC</u>, C/A No. 5:11-cv-00426 (S.D. W. Va. June 17, 2011) (the "West Virginia Lawsuit"), which was filed in the United States District Court for the Southern District of West Virginia on June 17, 2011, and dismissed on March 8, 2012, for lack of personal jurisdiction.[3] (<u>Id.</u>)

Though it filed an answer to the initial counterclaim, Sentry responded to the counterclaim in the amended answer with a motion to dismiss on February 19, 2013. (ECF Nos. 12, 25.) Sentry then filed a motion for summary judgment on February 22, 2013. (ECF No. 26.)

Thereafter, on March 8, 2013, Guess filed the pending motion to bifurcate resolution of the duty to defend issue from the duty to indemnify issue, requesting that the court adjudicate first the duty to defend issue and stay the duty to indemnify issue until completion of the Underlying Lawsuits. (ECF No. 31.) Sentry filed opposition to Guess's motion to bifurcate on March 25, 2013, to which Guess filed a reply in support of bifurcation on April 4, 2013. (ECF Nos. 35, 36.)

On April 5, 2013, Sentry filed a motion for a protective order, seeking a stay of discovery and all remaining deadlines in the scheduling order entered on January 4, 2013. (ECF Nos. 8, 38.) On April 8, 2013, the court granted Sentry's motion and stayed all deadlines. (ECF No. 41.) On April 25, 2013, Guess filed a motion for partial summary judgment. (ECF No. 43.)

Before Sentry's February 19, 2013 motion to dismiss was adjudicated, Guess was granted leave by the court to file—and did file—its second amended answer and counterclaim on July

---

[3] The parties have referred to the South Carolina Lawsuit and West Virginia Lawsuit collectively as the "Underlying Lawsuits."

11, 2013. (ECF Nos. 55, 57.) As a result of this amendment, the court found that Sentry's aforementioned motion to dismiss had been rendered moot and denied the motion without prejudice on July 31, 2013. (ECF No. 61.) Thereafter, Sentry filed an answer to the counterclaim in the second amended answer on July 25, 2013, and an amended answer to the counterclaim on July 30, 2013, as well as the pending motion to dismiss and for other relief (including a stay) on August 16, 2013. (ECF Nos. 59, 60, 63.)

On August 6, 2013, the court entered a text order, denying the competing motions for summary judgment that had been filed by the parties. (ECF No. 62.) The court found that "as discovery has not concluded and . . . there are outstanding factual issues as to the scope and nature of the damage that is being litigated in state court, specifically regarding whether the claims include property damage, summary judgment is not appropriate at this juncture." (Id.)

Guess filed opposition to Sentry's motion to dismiss and for other relief on September 3, 2013, to which Sentry filed a reply in support of dismissal on September 13, 2013. (ECF Nos. 64, 66.) On September 19, 2013, Guess filed a motion to lift the stay, seeking clarification regarding the status of the stay and asserting that the stay should be lifted if it had not already been impliedly lifted by the August 6, 2013 text order denying summary judgment. (ECF No. 65.) On September 16, 2013, the court granted Guess's motion to lift the stay, stating that "[d]iscovery may commence immediately." (ECF No. 67.)

On September 20, 2013, Sentry filed its second currently pending motion to stay, requesting that the entire case be stayed until the resolution of the South Carolina Lawsuit. (ECF No. 70.) Guess filed opposition to Sentry's motion to stay on October 7, 2013. (ECF No. 75.)

On October 24, 2013, the court held a hearing on the aforementioned pending motions, wherein the court was advised that, inter alia, Sentry would defend Guess to the conclusion of

the South Carolina Lawsuit, subject to a reservation of rights. (ECF No. 79.)

## II. LEGAL STANDARD

A.  Declaratory Judgment Actions

Under the Declaratory Judgment Act, a district court, in a case or controversy otherwise within its jurisdiction, "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Supreme Court has "repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'" Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995) (quoting Pub. Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 241 (1952)). Courts have long interpreted the Act's permissive language "to provide discretionary authority to district courts to hear declaratory judgment cases." United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 493 (4th Cir. 1998). "[A] declaratory judgment action is appropriate 'when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 256 (4th Cir. 1996) (quoting Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937)).

B.  Coverage Questions and the Duties to Defend and Indemnify under South Carolina Law

Under South Carolina law, questions of coverage and the duty to defend under an insurance policy generally are determined by the allegations of the underlying complaint. See Jessco, Inc. v. Builders Mut. Ins. Co., No. 10-1215, 2012 WL 1035721, at *2 (4th Cir. Mar. 29, 2012) (citation omitted). If the underlying complaint creates a possibility of coverage under an insurance policy, the insurer is obligated to defend. See City of Hartsville v. S.C. Mun. Ins. &

Risk Fin. Fund, 677 S.E.2d 574, 578 (S.C. 2009) (citation omitted). Although a determination of an insurer's duty to defend is dependent upon the underlying complaint, an analysis of this duty involves the allegations of the complaint and not the specifically identified causes of action. Id. at 579; see also Collins Holding Corp. v. Wausau Underwriters Ins. Co., 666 S.E.2d 897, 899-900 (S.C. 2008). Moreover, an insurer's duty to defend may also be determined by facts outside of the complaint that are known by the insurer. See USAA Prop & Cas. Ins. Co. v. Clegg, 661 S.E.2d 791, 798 (S.C. 2008). If an insured has no duty to defend, it will know that it has no duty to indemnify. See Am. S. Ins. Co. v. Moras Roofing, LLC, No. 2:09-1966-PMD, 2010 WL 2710588, at *4 (D.S.C. July 7, 2010).

Under South Carolina law, a liability insurer's duty to indemnify is determined by the findings of the fact finder in the underlying case. Ellett Bros., Inc. v. U.S. Fid. & Guar. Co., 275 F.3d 384, 388–89 (4th Cir. 2001) (citing Jourdan v. Boggs/Vaughn Contracting, Inc., 476 S.E.2d 708, 711 (S.C. Ct. App. 1996)). In other words, "[t]here is no obligation to defend until an action is brought and no obligation to indemnify until a judgment against the insured is obtained." See Howard v. Allen, 176 S.E.2d 127, 129 (S.C. 1970).

C. Bifurcation

Rule 42(b) of the Fed. R. Civ. P. ("Rule 42(b)") governs motions to bifurcate claims into separate actions. This rule provides "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). The court is permitted considerable discretion in exercising its powers under Rule 42(b) and the exercise of that discretion will be set aside only if clearly abused. Dixon v. CSX Transp., Inc., 990 F.2d 1440, 1443 (4th Cir. 1993); White v. Bloomberg, 501 F.2d 1379 (4th Cir. 1974). Notwithstanding the

broad discretion conferred by Rule 42(b), the party requesting separate trials bears the burden of convincing the court that such an exercise of its discretion will (1) promote greater convenience to the parties, witnesses, jurors, and the court, (2) be conducive to expedition and economy, and (3) not result in undue prejudice to any party. Brad Ragan, Inc. v. Shrader's Inc., 89 F.R.D. 548, 550 (S.D. Ohio 1981); Smith v. Alyeska Pipeline Serv., 538 F. Supp. 977, 982 (D. Del. 1982).

D.     Motions to Stay in the Context of a Declaratory Judgment Action

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Maryland v. Universal Elections, Inc., No. 12-1791, 2013 WL 3871006, at *7 (4th Cir. July 29, 2013) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254-255 (citations omitted). In addition, "the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995). Given this permissive language, the Supreme Court held in Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491 (1942), and later in Wilton, that a district court's substantial discretion permits it to stay or dismiss an action seeking a declaratory judgment in favor of an ongoing state court case. See Brillhart, 316 U.S. at 494–95; Wilton, 515 U.S. at 288. This discretion, however, is not unfettered.

District courts must also take into account "considerations of federalism, efficiency, and comity" whenever a parallel proceeding is pending in state court. United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 493–94 (4th Cir. 1998) (citing Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 376 (4th Cir. 1994)). To aid district courts in balancing the state and federal

interests when a parallel state action is pending, four factors have been articulated for consideration: (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state courts could resolve the issues more efficiently than the federal courts; (3) whether the presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between the state and federal courts; and (4) whether the federal action is mere "procedural fencing," in the sense that the action is merely the product of forum-shopping. Id. (citing Nautilus, 15 F.3d at 377).

E. Motions to Dismiss

When presented with a motion to dismiss, the court must restrict its inquiry to the sufficiency of the complaint rather than "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Under this plausibility standard, the court should "assume th[e] veracity" of well-pled factual allegations "and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679. While a complaint "does not need detailed factual allegations" to survive a motion to dismiss, pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although the court must consider all well-pled factual allegations in a complaint as true, the court need not "accept as true a legal conclusion couched as a factual allegation." Id.

## III. ANALYSIS

A. <u>Motions to Stay the Action by Guess (ECF No. 31) and Sentry (ECF Nos. 63, 70)</u>

   *1. The Parties' Arguments*

Guess moves the court to stay discovery and trial on Sentry's duty to indemnify until after resolution of the Underlying Lawsuits. (ECF No. 31.) Guess argues that if a stay is not issued, it will suffer prejudice in the Underlying Lawsuits, resulting from inconsistent discovery, factual determinations, and theories of recovery created by parallel actions proceeding in separate courts. (ECF No. 31 at 4-5 (citing <u>Auto-Owners Ins. Co. v. Rhodes</u>, 682 S.E.2d 857, 863 n.3 (S.C. Ct. App. 2009) ("[O]ther courts have held that in order to eliminate the risk of inconsistent factual determinations that could prejudice an insured, a stay of a DJ action pending resolution of a third-party suit is appropriate when the coverage question turns on facts to be litigated in the underlying action.") (citations omitted)).) In contrast to the alleged prejudice it will suffer if a stay is denied, Guess argues that none of the parties will be prejudiced by a stay of the indemnity issue. (<u>Id.</u> at 6.)

Sentry filed opposition to Guess's motion to stay, asserting that the duty to indemnify is ripe in this case because if Sentry does not have a duty to defend, "there can be no duty to indemnify." (ECF No. 35 at 1-2.) Moreover, notwithstanding its opposition to Guess's motion to stay, Sentry subsequently filed two of its own motions to stay, requesting that the court (1) after granting its pending motion to dismiss, "should bifurcate Guess's breach of good faith claim from its claims for breach of contract, and then stay litigation of the breach of good faith claim, as well as all litigation in this matter until [discovery in] the underlying liability matter is resolved"; and (2) stay the instant action until the South Carolina Lawsuit is resolved. (<u>See</u> ECF No. 63 at 8-9; <u>see also</u> ECF No. 70.) Sentry argues that by granting its motion to stay, the court

will allow the parties to avoid "duplicative discovery, unnecessary legal costs, and potentially inconsistent rulings." (ECF No. 63 at 8-9.) Sentry further argues that good cause exists to grant its motion because a stay (1) ensures that the issue of coverage arises only after the state court has identified the property damage at issue; (2) allows the parties to avoid expensive litigation in separate courts; (3) avoids further motion practice in this court; and (4) helps avoid inconsistent factual determinations by this court and the state court. (ECF No. 70 at 3-6.)

Guess initially opposed Sentry's motion to stay, asserting that "the issue of whether Sentry owes Guess Irrigation a duty to defend is ripe and can be decided now, without awaiting the outcome of the South Carolina Lawsuit. (ECF No. 75 at 5 (citing State Farm Fire & Cas. Co. v. Barrett, 530 S.E.2d 132, 136-37 (S.C. Ct. App. 2000) ("The determination of whether an insurance company is obligated to defend an action under its policy provisions is based on the allegations of the complaint.")).) However, Guess was less adamant in its opposition to Sentry's motion to stay after learning at the October 24, 2013 motions hearing that the duty to defend issue was moot since Sentry would defend Guess to the conclusion of the South Carolina Lawsuit, subject to a reservation of rights.

   *2. The Court's Review*

Both Guess and Sentry have moved the court to stay this action. On one hand, Sentry generally seeks to stay the matter until the underlying South Carolina Lawsuit is resolved. On the other hand, Guess's motion to stay was filed in conjunction with a motion to bifurcate the issues of the duty to defend and the duty to indemnify. At the hearing on these motions, counsel for Sentry advised the court that Sentry would defend Guess until the conclusion of the underlying South Carolina Lawsuit, subject to a reservation of rights. As a result, the duty to defend issue is no longer contested and Guess's motion for bifurcation was rendered moot

11

leaving only its motion to stay discovery and trial on the duty to indemnify until after resolution of the South Carolina Lawsuit.

In consideration of the parties' request to stay part (by Guess) or all of the action (by Sentry) pending resolution of the underlying South Carolina Lawsuit, the court is conscious of the guidance provided by the Fourth Circuit in <u>Nautilus</u> regarding the factors that should be considered when a district court is trying to decide whether to stay a declaratory judgment action in favor of an ongoing state court case. After hearing the oral presentation of the parties' arguments in support of staying the matter, the court finds that in its substantial discretion, the posture of this case in conjunction with the South Carolina Lawsuit requires staying this entire action pending resolution of the South Carolina Lawsuit. Therefore, the court grants Sentry's motion to stay the action until the resolution of the South Carolina Lawsuit and denies as moot Guess's motion to stay litigation of the duty to indemnify.

B.   <u>Guess's Motion to Bifurcate (ECF No. 31)</u>

   *1. The Parties' Arguments*

Guess moves the court to bifurcate the action to resolve the issue regarding Sentry's duty to defend first, while staying discovery and trial on Sentry's duty to indemnify until after resolution of the Underlying Lawsuits. (ECF No. 31.) In support of the motion to bifurcate, Guess argues that Sentry's "duty to defend is discrete and severable from its duty to indemnify . . . [t]hus, while Sentry's duty to defend Guess Irrigation in the Underlying [Lawsuits][] is ripe for determination, its duty to indemnify is not." (ECF No. 31-1 at 3 (citing <u>Ellet Bros.</u>, 275 F.3d at 388).)

In its written opposition to Guess's motion to bifurcate, Sentry asserted that Guess's motion to bifurcate should be denied because (1) a decision on the duty to indemnify would

allow the parties to engage in more meaningful settlement negotiations in the Underlying Lawsuits; and (2) Guess was the only party that had propounded discovery in this action. (ECF No. 35 at 4.) However, at the hearing on this motion, counsel for Sentry stated that Sentry was not contesting the duty to defend issue and stipulated that Sentry would defend Guess to the conclusion of the South Carolina Lawsuit, subject to a reservation of rights.

   *2. The Court's Review*

Upon review, the court finds that Guess's motion has been rendered moot by the oral stipulation by Sentry's counsel at the October 24, 2013 motions hearing that Sentry will defend Guess until the conclusion of the South Carolina Lawsuit, subject to a reservation of rights. Accordingly, the court finds that Guess's motion to bifurcate is now moot.

C.  <u>Sentry's Motion to (1) Dismiss the Defenses of Waiver and Estoppel from Guess's Second Amended Answer; (2) Dismiss the Cause of Action for Bad Faith/Negligence from Guess's Counterclaim; and (3) Bifurcate Guess's Breach of the Duty of Good Faith and Fair Dealing Claim from its Breach of Contract Claim (ECF No. 63)</u>

   *1. The Parties' Arguments*

Sentry moves to dismiss Guess's fourth defense of waiver and fifth defense of estoppel (ECF No. 57 at 6 ¶¶ 24, 25), asserting that South Carolina law precludes an insured from establishing coverage by waiver or estoppel. (<u>Id.</u> at 3 (citing <u>Liberty Mut. Ins. Co. v. Westport Ins. Corp.</u>, 664 F. Supp. 2d 587, 594 (D.S.C. 2009) ("South Carolina courts have repeatedly and explicitly held that '[w]aiver cannot create coverage and cannot bring into existence something not covered in the policy.'") (citation omitted)).) Sentry further asserts that the waiver and estoppel defenses should be dismissed because Guess failed to properly allege facts to support the defenses and comply with Fed. R. Civ. P. 8. (<u>Id.</u> at 4 (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (The pleader must "articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief."))).)

13

In addition to the dismissal of Guess's third and fourth defenses, Sentry also moves to dismiss Guess's fourth counterclaim for bad faith/negligence, asserting that this counterclaim is legally and factually duplicative of Guess's third counterclaim for breach of the duty of good faith and fair dealing. (Id. at 5-6 (citing ECF No. 57 at 13-16).) In support of its assertion that dismissal of duplicitous claims is appropriate, Sentry referenced the holding by this court in Ocean Winds Council of Co-Owners, Inc. v. Auto-Owners Ins. Co., 241 F. Supp. 2d 572 (D.S.C. 2002), which stated:

> [A] bad faith refusal to pay benefits and breach of implied warranty of good faith and fair dealing are not separate causes of action. Rather, all bad faith actions— including claims based on bad faith processing of the claims when there is no breach of the insurance contract—arise out of the implied warranty of good faith and fair dealing. Therefore, although the label is admittedly confusing, plaintiff's 'bad faith refusal to pay benefits' cause of action, construed under the liberal pleading standards of Fed. R. Civ. P. 8, encompassed its theory that defendant failed to process his claim in good faith even if there were no coverage under the contract.

Id. at 5 (citing Ocean Winds Council, 241 F. Supp. 2d at 577).

After dismissing the bad faith/negligence claim, Sentry asserts that the court should enter an order that limits Guess's damages on its claim for breach of the covenant of good faith and fair dealing "to the reasonable attorneys' fees and costs Guess incurred while defending itself in the underlying liability and present coverage action." (Id. at 7.)

Finally, Sentry moves to bifurcate Guess's breach of the covenant of good faith and fair dealing claim from its claims for breach of contract. (ECF No. 63 at 8-9.) Sentry argues that by granting this motion, the court will allow the parties to avoid "duplicative discovery, unnecessary legal costs, and potentially inconsistent rulings." (Id.)

Guess opposes the motion to dismiss its defenses of waiver and estoppel, arguing that it would be premature for the court to find that these defenses are without merit before discovery has even commenced. (ECF No. 64 at 3 (citing White v. Sport Clips, C/A No. 3:06-cv-02142-

MJP, 2007 WL 3034803, at *5 (D.S.C. Oct. 15, 2007) ("[I]t is difficult to establish that a defense is clearly insufficient . . . . A motion to strike should not be granted if the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits.")).) Guess further argues that its affirmative defenses of waiver and estoppel plainly comply with Fed. R. Civ. P. 8(c), which rule merely requires responding parties to "affirmatively state" their affirmative defenses. (Id. at 4.)

Guess argues that the motion to dismiss its bad faith/negligence counterclaim should be denied because the claim is not duplicative of the third counterclaim for breach of the duty of good faith and fair dealing since bad faith/negligence is a tort claim, "whereas breach of the duty of good faith and fair dealing is a contract claim." (Id. at 5 (citing, e.g., Tadlock Painting Co. v. Md. Cas. Co., 473 S.E.2d 52, 55 (S.C. 1996) (declining to make breach of an express contractual provision a prerequisite to bringing a bad faith cause of action)).)

Guess further argues that Sentry should not be allowed to limit Guess's damages at the pleading stage because "[t]here is no provision in the Federal Rules of Civil Procedure or in the South Carolina substantive law for a pre-discovery limitation on a claimant's damages." (Id. at 6.) In this regard, Guess argues that if it "successfully proves its claims for breach of contract and bad faith, it will be entitled to recover all its actual and consequential damages—which will include but may not be limited to attorneys' fees and costs—and, potentially, punitive damages." (Id.)

Finally, Guess opposes the motion to bifurcate its claims for bad faith and breach of contract. (Id. at 7.) Instead, Guess reasserts that the court should bifurcate Sentry's duty to defend from its duty to indemnify. (Id.)

*2. The Court's Review*

Sentry argues in its motion to dismiss that Guess's defenses of waiver and estoppel are precluded under South Carolina law and are insufficiently pleaded under Fed. R. Civ. P. 8. (ECF No. 63 at 3-5.) The court agrees.

Guess pleaded its defenses of waiver and estoppel as follows:

**FOR A FOURTH DEFENSE**

24. Guess Irrigation would show, upon information and belief, that the Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

**FOR A FIFTH DEFENSE**

25. Guess Irrigation would show, upon information and belief, that the Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

(ECF No. 57 at 6 ¶¶ 24, 25.) Guess did not specify any additional facts in support of the defenses of waiver and estoppel.

Previously, the court has found that the pleading standard established in Twombly and Iqbal applies to affirmative defenses. See Monster Daddy LLC v. Monster Cable Prods., Inc., C/A No. 6:10-1170-HMH, 2010 WL 4853661, at *8 (D.S.C. Nov. 23, 2010) ("The court is persuaded that the pleading standard established in Twombly and Iqbal applies to affirmative defenses and adopts the majority view."). In this regard, the court must disagree with Guess's assertion that its defenses only have to comply with Fed. R. Civ. P. 8(c). Upon review of the relevant documents, Guess's defenses of waiver and estoppel, as pleaded, lack the minimum threshold of specificity to allow the court to assess their sufficiency. As a result, the court grants Sentry's motion to dismiss Guess's defenses of waiver and estoppel.[4] However, the court grants

---

[4] Based on this finding, the court is not required to address Sentry's assertion that South Carolina law precludes an insured from establishing coverage by waiver or estoppel.

Guess fifteen (15) days from the date this order is filed to remedy the deficiencies in these asserted defenses.

Sentry next argues that Guess's fourth counterclaim for bad faith/negligence should be dismissed because it is duplicative of Guess's third counterclaim for breach of the duty of good faith and fair dealing. The court has previously found that "bad faith . . . and breach of implied warranty of good faith and fair dealing are not separate causes of action . . . [r]ather, all bad faith actions . . . arise out of the implied warranty of good faith and fair dealing." Ocean Winds Council, 241 F. Supp. 2d at 577. The court has not been presented with a reason in the instant action to reach a conclusion different from the determination in Ocean Winds Council. Therefore, based on the foregoing, the court grants Sentry's motion to dismiss Guess's fourth counterclaim for bad faith/negligence.[5] However, the court grants Guess fifteen (15) days from

---

[5] At the October 24, 2013 motions hearing, counsel for Guess opined that the facts of this case entitled him to bring a contract claim and tort claim, which right would be unfairly taken away prior to the completion of discovery if the court granted Sentry's motion to dismiss the bad faith/negligence counterclaim. In response to these concerns, counsel is reminded that the court has previously stated that the law regarding claims for breach of the covenant of good faith and fair dealing specifically allows for tort and contract claims:

> "[T]here is an implied covenant of good faith and fair dealing in every insurance contract that neither party will do anything to impair the other's rights to receive benefits under the contract." Tadlock Painting Co. v. Maryland Cas. Co., 322 S.C. 498, 473 S.E.2d 52, 53 (1996) (internal citations and quotation marks omitted.) In general, "[a]n insured may recover damages for a bad faith denial of coverage if he or she proves there was no reasonable basis to support the insurer's decision to deny benefits under a mutually binding insurance contract." Cock–N–Bull Steak House, Inc. v. Gen. Ins. Co., 321 S.C. 1, 466 S.E.2d 727, 730 (1996). However, "the benefits due an insured are not limited solely by those expressly set out in the contract." Tadlock, 473 S.E.2d at 55. "[T]he covenant of good faith and fair dealing extends not just to the payment of a legitimate claim, but also to the manner in which it is processed." Mixson, Inc. v. American Loyalty Ins. Co., 562 S.E.2d at 662 (citing Tadlock, 473 S.E.2d at 52). "[I]f an insured can demonstrate bad faith or unreasonable action by the insurer in processing a claim under their mutually binding insurance contract, he can recover consequential damages in a tort action." Tadlock, 473 S.E.2d at 53 (quoting Nichols, 306 S.E.2d at 619) (emphasis in original). Thus, breach of an express contractual

17

the date this order is filed to amend the third counterclaim for breach of the contract of good faith and fair dealing to address allegations of bad faith that were dismissed.

In response to Sentry's motion to limit the maximum amount of damages Guess may recover to the reasonable amount of attorneys' fees and costs Guess incurred during the defense of the liability and coverage actions, the court finds this motion is premature and denies it without prejudice.

Finally, the court is not convinced at this time that bifurcation of Guess's claims for breach of the duty of good faith and fair dealing from its claims for breach of contract will promote judicial economy once the stay of this action is lifted. Therefore, the court denies Sentry's motion to bifurcate without prejudice.

## IV. CONCLUSION

Upon careful consideration of the entire record and the arguments of the parties, the court hereby **DENIES AS MOOT** Guess's motion to bifurcate and to stay the action pursuant to Fed. R. Civ. P. 42(b); **GRANTS** Sentry's motion to dismiss Guess's defenses of waiver and estoppel and counterclaim for bad faith/negligence; **DENIES WITHOUT PREJUDICE** Sentry's motion to bifurcate Guess's breach of the duty of good faith and fair dealing claim from its breach of contract claim; **DENIES AS MOOT** Sentry's motion to stay litigation of the breach of the duty of good faith and fair dealing claim pending resolution of the South Carolina Lawsuit; and

---

provision is not a prerequisite to bringing a bad faith cause of action. Tadlock, 473 S.E.2d at 54.

Oceans Winds Council, 241 F. Supp. 2d at 576.

The findings of this court are supported by pronouncements of the South Carolina Supreme Court, observing that "[b]reach of this duty [of good faith and fair dealing] by an insurer's bad faith . . . renders the insurer liable in tort for all consequential damages; actual damages are not limited by the contract." Nichols v. State Farm Mut. Auto. Ins. Co., 306 S.E.2d 616, 618 (S.C. 1983). Based on the foregoing, the court is confident that granting Sentry's motion to dismiss does not prejudice Guess's ability to bring each and every claim it is entitled to assert.

**GRANTS** Sentry's motion to stay the matter until the underlying South Carolina Lawsuit is resolved. (ECF Nos. 31, 63, 70.) Guess has fifteen (15) days from the date this order is filed to amend its seconded amended answer and counterclaim to address the defenses of waiver and estoppel and the allegations of bad faith (as part of the counterclaim for breach of the duty of good faith and fair dealing) that were dismissed by this order.

In addition, the parties are advised that the court will request a status update on the South Carolina Lawsuit in approximately six (6) months. In this regard, the parties should advise the court if something dispositive occurs in the South Carolina Lawsuit before the expiration of six months.

**IT IS SO ORDERED**.

*J. Michelle Childs*

United States District Judge

October 25, 2013
Greenville, South Carolina